UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 4:20-cv-10130-JLK

ANGEL ARIEL ALVAREZ GONZALES,

    Petitioner,

v.

ATTORNEY GENERAL WILLIAM P.
BARR, et al.,

    Defendants.
_____/

**ORDER DENYING PETITION FOR WRIT
OF HABEAS CORPUS AND INJUNCTIVE RELIEF**

THIS MATTER is before the Court on Petitioner ANGEL ARIEL ALVAREZ GONZALES' Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), filed November 5, 2020.

### I.    BACKGROUND

Petitioner is a foreign national from Guatemala who claims to have been trafficked into the United States as a minor in 2003. *Id.* Petitioner claims that he was arrested on May 15, 2020, by local law enforcement officers in Key West, Florida, that Respondent Immigration and Customs Enforcement ("ICE") immediately placed an immigration detainer hold on Petitioner after his arrest, and that Petitioner was then transferred to the custody of the ICE Broward Transitional Center on August 25, 2020. *Id.* ICE assumed custody of Petitioner based on an *in abstentia* removal order from 2009, which Petitioner claims to have never known about until his arrest in May 2020. *Id.* As of the date of the Petition was filed, Petitioner was in the custody of ICE for 72 days (August 25, 2020 to November 5, 2020).

On August 4, 2020, Petitioner filed an emergency motion to reopen and rescind the *in abstentia* removal order with the Atlanta Immigration Court. *Id.* Petitioner also claims that he filed numerous Freedom of Information Act ("FOIA") requests with Respondents in order to obtain the necessary documents to support his emergency motion to vacate the removal order. *Id.* Petitioner claims that he has not received all the documents he requested from the Executive Office of Immigration Review ("EOIR") in violation of the FOIA, and that the Immigration Judge has not adjudicated his emergency motion. *Id.* For these reasons, Petitioner claims that he is being unlawfully detained in violation of his constitutional and statutory rights. *Id.* Among other things, Petitioner also seeks a stay of the removal order until this Court rules on his Petition for Writ of Habeas Corpus; otherwise, he claims he will suffer substantial prejudice by facing imminent deportation from the United States. *Id.*

The record reflects that counsel for Respondents entered a Notice of Appearance (DE 9) on November 18, 2020. Respondents then filed a Notice of Intent to Execute Removal Order (DE 10) on December 8, 2020, notifying the Court and Petitioner that ICE intends to remove Petitioner as early as December 10, 2020.

This opinion addresses two considerations: (1) whether this Court has jurisdiction to consider Petitioner's challenge to the removal order; and (2) if the Court does have jurisdiction to consider Petitioner's challenge to the removal order, whether Petitioner is entitled to a preliminary injunction staying the enforcement of Respondents' removal order until the underlying Petition for Writ of Habeas Corpus has been adjudicated.

For the reasons stated below, the Court has determined that it does not possess subject matter jurisdiction to consider Petitioner's challenge to the removal order.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, deriving their authority from both constitutional and legislative sources. *See* U.S. Const. Art. III; 28 U.S.C. § 1331; *Keene Corp. v. United States*, 508 U.S. 200, 207–08 (1993). It is exclusively the power of Congress to restrict the jurisdiction of federal courts to adjudicate certain kinds of cases. *See Keene Corp.*, 508 U.S. at 207. With respect to immigration cases, challenges to removal orders or deportation are reviewable only by the appropriate court of appeals, not by a federal district court. *See* REAL ID Act., Pub. L. No. 109-13, 119 Stat. 302 (May 11, 2005); 8 U.S.C. § 1252(a)(5) ("Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of [the Immigration and Nationality Act.]").

If this Court possesses subject-matter jurisdiction, it can issue a preliminary injunction only if Petitioner can demonstrate: (1) a substantial likelihood of success on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to Petitioner outweighs whatever damage the proposed injunction may cause the Government; and (4) if issued, the injunction would not be adverse to the public interest. *See Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003).

## III. DISCUSSION

Here, this Court lacks jurisdiction to review Petitioner's Petition for Habeas Corpus and claims for declaratory and injunctive relief because Petitioner is subject to a final order of removal. The lawfulness of a removal order may only be reviewed by a court of appeals upon the filing of a petition for review. Although Petitioner asserts that the Court has jurisdiction pursuant to 28

3

U.S.C. § 1331 (federal question), the Administrative Procedures Act (5 U.S.C. § 701 et seq., "APA"), and the Declaratory Judgment Act (28 U.S.C. § 1391)[1], none of these provisions confer independent jurisdiction upon this Court to review and set aside Petitioner's Order of removal.

The APA does not independently confer subject matter jurisdiction, including any implied grant. *See Califano v. Sanders*, 430 U.S. 99, 107 (1977). Likewise, the Declaratory Judgment Act "does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question." *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir.1989) (citing *Skelly Oil Co. v. Phillips Co.*, 339 U.S. 667 (1950)). The federal question statute, 28 U.S.C. § 1331, provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although the federal question statute confers jurisdiction on federal courts to review agency action (*Califano*, 430 U.S. at 105), the APA expressly excepts review of agency actions where "statutes preclude judicial review." *See* 5 U.S.C. § 701(a)(1).

APA and declaratory jurisdiction are precluded by the jurisdiction-stripping provisions of the Immigration and Nationality Act ("INA"). Under the INA, an order of removal may be reviewed only by a court of appeals after the filing of a petition for review. 8 U.S.C. § 1252(a)(5). Specifically, Section 1252(a)(5) provides that:

> Notwithstanding any other provision of law (statutory or nonstatutory), including ... [28 U.S.C. § 1361] ... a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter.

---

[1] While Petitioner never specifically invokes this statute as a basis for jurisdiction, he refers to "declaratory and injunctive relief" throughout the Petition, particularly in his fourth cause of action.

8 U.S.C. § 1252(a)(5). Thus, an order of removal may be reviewed only by a court of appeals after the filing of a petition for review, and not by this Court.

Furthermore, any claims regarding an unlawful post-final order detention cannot arise because, as of the date Petitioner filed his Petition, he had been at the ICE Broward Transitional Center for 72 days.

Section 1231 (a) of Title 8, United States Code governs the detention and removal of aliens ordered removed and governs the issues Petitioner raises in this case. That statute provides that "when an alien is ordered removed," ICE shall detain and "remove the alien from the United States within a period of 90 days (referred to as the ''removal period'')." 8 U.S.C. § 1231(a)(1)(A). The statute further provides that the removal period begins on the latest of the following:

> (i)     The date the order of removal becomes administratively final.
> (ii)    If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii)   If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*See* 8 U.S.C. § 1231(a)(1)(B).

However, *Zadvydas v. Davis*, 533 U.S. 678 (2001) provides that ICE may detain an alien under a final order of removal for an additional three months—a presumptively reasonable detention period of 180 days. *See Zadvydas*, 533 U.S. at 701. After the conclusion of this 180-day removal period, an alien in ICE custody may challenge his continued detention in habeas corpus proceedings on the ground that there is no significant likelihood that his removal will occur in the reasonably foreseeable future. *See id.* In other words, the 180 days in post-order custody must have expired before an individual can challenge custody under 8 U.S.C. § 1231.

Furthermore, in *Akinwale v. Ashcroft*, 287 F.3d 1050 (11th Cir. 2002), the Eleventh Circuit found that "[t]his six-month period thus must have expired at the time [the] § 2241 petition [is]

filed in order to state a claim under *Zadvydas*." 287 F.3d at 1052 (emphasis added). Here, Petitioner asserts he was detained by ICE to effectuate the removal order on August 25, 2020, after ICE encountered him at the Monroe County Jail for the first time after he was ordered removed. Therefore, Petitioner was not in post-order custody more than six months at the time he filed his Petition for Writ of Habeas Corpus on November 5, 2020, and this Court is without jurisdiction in habeas proceedings to review any challenge to the removal order.

As this Court does not possess subject matter jurisdiction, it need not address whether Petitioner is entitled to a preliminary injunction staying the enforcement of Respondents' removal order until the underlying Petition for Writ of Habeas Corpus has been adjudicated.

Accordingly, as this Court lacks subject matter jurisdiction, the Court **DENIES** Petitioner's challenges to his removal order and denies his request for a stay of his removal order. Thus, it is **ORDERED, ADJUDGED, and DECREED** that **COUNTS I, II, IV, and XI** are **DISMISSED** for lack of subject matter jurisdiction.

**DONE AND ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 10th day of December, 2020.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**cc:** **All counsel of record**